IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40730
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ELI PINO AMADOR, also known as Ely Pino Martinez,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-01-CR-16-1
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Eli Pino Amador appeals his sentence following his guilty-plea conviction for illegal reentry following deportation, in violation of 8 U.S.C. § 1326.  Amador argues that the district court mistakenly believed that it could not consider his motion for downward departure pursuant to U.S.S.G. § 5K2.0, p.s.  He asserts that he is entitled to a downward departure because he detrimentally relied on information in a Form I-294 given to him

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

by the Immigration and Naturalization Service upon his deportation in 1991.

This court has jurisdiction to review the district court's refusal to depart downward "only if the district court based its decision upon an erroneous belief that it lacked the authority to depart." United States v. Landerman, 167 F.3d 895, 899 (5th Cir. 1999)(citation omitted). This court has no jurisdiction if the district court refused to depart downward "based on its determination that departure [was] not warranted on the facts of the case." United States v. Palmer, 122 F.3d 215, 222 (5th Cir. 1997)(citation omitted).

The record reflects that the district court acknowledged that it had the authority to depart downward, but that it refused to do so based on the circumstances of the case. Consequently, this court lacks jurisdiction to review the district court's refusal to depart. Landerman, 167 F.3d at 899. Accordingly, this appeal is DISMISSED.